IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTINA PORRITT and LAUREN BRADLEY, | ) ) ) | |
| Relator, | ) ) | |
| vs. | ) ) | No. 3:10-cv-00519-DRH-DGW |
| MACLEAN POWER SYSTEMS, L.P. and MACLEAN-FOGG COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

_____

## **COMPLAINT**

_____

Relators, Christina Porritt and Lauren Bradley ("Relators"), by and through their

undersigned attorneys, and for their Complaint against Defendants, MacLean Power Systems,

L.P. and MacLean-Fogg Company (hereafter jointly referred to as "MacLean" or "Defendants"),

allege as follows:

## **NATURE OF THE ACTION**

1.      This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

2.      As set forth in detail below, Defendants have violated 35 U.S.C. § 292(a) by

falsely advertising and/or marking articles with expired patents for the purpose of deceiving their

competitors and the public into believing that such articles are covered by the falsely advertised

and/or marked patents.

3.      Relators seek an award of monetary damages against Defendants, one-half of

which shall be paid to the United States, the other half of which shall be paid to the Relators

pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

4.      Relator, Christina Porritt,  is a natural person and citizen and resident of the Southern District of Illinois.

5.      Relator, Lauren Bradley, is a natural person and citizen and resident of Columbia, Missouri, which is located within the jurisdiction of the U.S. District Court for the Western District of Missouri- - Central Division.

6.      Upon information and belief, Defendant, MacLean Power Systems, L.P., was (and is) a  limited partnership organized and existing under the laws of Delaware having its principal place of business at  11411 Addison Avenue, Franklin Park, Illinois, 60131.

7.      Upon information and belief, Defendant, MacLean-Fogg Company, was (and is) a corporation organized and existing under the laws of Delaware having its principal place of business at 1000 Allanson Road, Mundelein, IL 60060-3890.

8.      Upon information and belief, at all time relevant herein, MacLean Power Systems, L.P. was (and is) a wholly-owned division of the MacLean-Fogg Company, which assumes liability for the actions of MacLean Power Systems, L.P.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

10.     Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendants have conducted and continue to conduct business in this District through the sale of its products which are the subject matter of this Complaint to consumers throughout this District. Upon information and belief, such sales are substantial, continuous, and systematic.

11.     Relators have standing to bring this action under 35 U.S.C. § 292(b), which provides that "any person" may sue for civil monetary penalties for false advertising or marking in connection with any unpatented articles and/or marking of patents.

## BACKGROUND

12.     The false marking patent statute, 35 U.S.C. § 292, exists to insure that the public has accurate information on the existence of patent rights.  As summarized by the Federal Circuit, the patent marking statute exists to:  1) help avoid innocent infringement of patent articles; 2) encourage patent holders to give notice to the public that an article is patented; and 3) aid the public in identifying whether an article is patented.  *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1443 (Fed. Cir. 1998).

13.     When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not protected by such expired patent.

14.     Falsely advertising an article or falsely marking an article with an expired patent harms the public interest in numerous ways, including:

     a.     Stifling competition in the marketplace and deterring innovation;

     b.     Deterring scientific research when an inventor sees a marked article and foregoes continued research to avoid potential infringement;

     c.     Unnecessarily increasing costs to competitors who must invest in efforts to "design around" a patent, or investigate and analyze the validity or enforceability of a patent;

     d.     Deterring competitors from entering the market with competing articles;

     e.     Permitting the patentee to impermissibly extend the term of its monopoly; and,

      f.      Confusing and misleading the public, as the expiration date of a U. S. patent is not easily ascertainable by the public at the time of purchase.  Moreover, while basic information about a patent may be available to the public via the website of the U. S. Patent and Trademark Office, a member of the public must conduct a thorough and complicated analysis to determine whether a patent is expired.

## THE EXPIRED PATENTS

15.      U.S. Patent No. 3,945,293 ("the '293 Patent") entitled HEAVY DUTY FASTENER AND METHOD OF MANUFACTURING SAME was filed on February 4, 1974 and issued on March 23, 1976.  A true and correct copy of the '293 Patent is attached as Exhibit 1 to this Complaint.

16.      The '293 Patent expired no later than February 4, 1994.

17.      U.S. Patent No. 3,969,975 ("the '975 Patent") entitled HEAVY DUTY STAPLE was filed on April 28, 1975 and issued on July 20, 1976.  A true and correct copy of the '975 Patent is attached as Exhibit 2 to this Complaint.

18.      Upon information and belief, the '975 Patent expired no later than April 28, 1995.

## GENERAL ALLEGATIONS

19.      Relators reallege and incorporate by reference herein the allegations set forth in paragraphs 1 – 18 of this Complaint.

20.      Upon information and belief, Defendants make, sell, and advertise or have made, sold, and advertised a variety of products for sale to distributors and retailers and for use by the public.

21.     Upon information and belief, Defendants are sophisticated business entities with extensive experience in the procurement, acquisition, and licensing of patents in the United States.

22.     Upon information and belief, because of the nature of their business, Defendants actively seek and maintain a number of patents.

23.     Defendants claim to own, or have licenses under, a substantial number of patents and patent applications.

24.     Upon information and belief, Defendants have an in-house legal department (or otherwise retain attorneys) that is/are responsible for Defendants' intellectual property and ensuring compliance with marketing, labeling, and advertising laws.

25.     Upon information and belief, as sophisticated business entities, Defendants knew or reasonably should have known of the requirements and provisions of 35 U.S.C. § 292.

26.     Upon information and belief, Defendants have, in the past, advertised, marked or caused to be marked, and continue to advertise, mark or cause to be marked, at least one product with multiple expired patents.

## COUNT I – False Marking of the '293 Patent

27.     Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 26 of this Complaint.

28.     Specifically, upon information and belief, Defendants have, in the past, advertised, marked or caused to be marked, and continue to advertise, mark or cause to be marked, at least the following products with the '293 Patent:

a.      The "Square Shank Barbed Staple."  A screenshot taken July 11, 2010 of the webpage advertising said product is attached hereto as Exhibit 3 to this Complaint.

29.     As more fully set forth in Exhibit 3, Defendants advertised the '293 Patent as recently as July 11, 2010, on its website and advertised the "Square Shank Barbed Staple" as patented in an effort to sell the "Square Shank Barbed Staple."

30.     Upon information and belief, and as seen on Exhibit 3, the instances of false marking are representative and not exhaustive of all of the uses of the '293 Patent.

31.     Defendants knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

32.     Upon information and belief, Defendants knew, or reasonably should have known, that the product they advertised for sale, marked and continue to advertise and/or mark with the '293 Patent is not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

33.     Upon information and belief, Defendants have advertised, marked and continue to advertise or otherwise mark their products with the '293 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '293 Patent.

34.     Upon information and belief, Defendants intentionally included the '293 Patent on their product in a conscious attempt to prevent competitors from making and selling the same or similar or competing product.

35.     Each instance of false advertising and/or marking of Defendants' products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

36.     By falsely advertising and/or marking their products with patents that have expired, Defendants have benefited commercially and financially.

37.     Thus, by advertising, marking and continuing to advertise or otherwise mark their products with the '293 Patent without a reasonable belief that such products were covered by the '293 Patent, Defendants have injured the sovereign interests of the United States as well as the public interest, and have discouraged competition and innovation in competing products.

### COUNT II – False Marking of the '975 Patent

38.     Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 26 of this Complaint.

39.     Specifically, upon information and belief, Defendants have, in the past, advertised, marked or caused to be marked, and continue to advertise, mark or cause to be marked, at least the following products with the '975 Patent:

        a.     The "Square Shank Barbed Staple."  A screenshot of the webpage taken July 11, 2010 advertising said product is attached hereto as Exhibit 3 to this Complaint.

40.     As more fully set forth in Exhibit 3, Defendants advertised the '975 Patent as recently as July 11, 2010, on their website and advertised the "Square Shank Barbed Staple" as patented in an effort to sell the "Square Shank Barbed Staple."

41.     Upon information and belief, and as seen on Exhibit 3, the instances of false marking are representative and not exhaustive of all of the uses of the '975 Patent.

42.     Defendants knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

43.     Upon information and belief, Defendants knew, or reasonably should have known, that the product they advertised for sale, marked and continue to advertise and/or mark with the '975 Patent is not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

44.     Upon information and belief, Defendants have advertised, marked and continue to advertise or otherwise mark their products with the '975 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '975 Patent.

45.     Upon information and belief, Defendants intentionally included the '975 Patent on their product in a conscious attempt to prevent competitors from making and selling the same or similar or competing product.

46.     Each instance of false advertising and/or marking of Defendants' products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

47.     By falsely advertising and/or marking their products with patents that have expired, Defendants have benefited commercially and financially.

48.     Thus, by advertising, marking and continuing to advertise or otherwise mark their products with the '975 Patent without a reasonable belief that such products were covered by the '975 Patent, Defendants have injured the sovereign interests of the United States as well as the public interest, and have discouraged competition and innovation in competing products.

## PRAYER FOR RELIEF

WHEREFORE, Relators pray that this Court enter judgment in their favor and against Defendants as follows:

A. Entering an injunction prohibiting Defendants, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them from further violating 35 U.S.C. § 292;

B. Order Defendants to pay a civil monetary fine of $500.00 for each product sold by Defendants that was falsely advertised or marked as an offense for the violation of 35 U.S.C. § 292, or an alternative amount as determined by the fact-finder, one-half of which shall be paid to the United States and one-half of which shall be paid in equal amounts to the Relators;

C. Order Defendants to provide an accounting for each and every product that was advertised and/or marked with an expired patent and order Defendants to pay a civil monetary fine of $500.00 for each product sold by Defendants that was falsely advertised or marked as an offense for the violation of 35 U.S.C. § 292, or an alternative amount as determined by the fact-finder, one-half of which shall be paid to the United States and one-half of which shall be paid to the Relators;

D. Order Defendants to pay all costs of this action, including attorneys' fees and all available interest; and,

E. Grant Relators any such other and further relief as the Court may deem just and equitable.

Respectfully submitted,


  /s/  Judy L. Cates
JUDY L. CATES # 00414743
DAVID CATES #06289198
*The Cates Law Firm, L.L.C.*
216 West Pointe Drive, Suite A
Swansea, IL  62226
Telephone:      (618) 277-3644
Facsimile:      (618) 277-7882
E-mail:          jcates@cateslaw.com
                 dcates@cateslaw.com
**Attorneys for Relators, Christina Porritt and Lauren Bradley**