IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTINA PORRITT and**
**LAUREN BRADLEY,**

**Plaintiffs,**

**v.**

**MACLEAN POWER SYSTERMS, L.P. and**
**MACLEAN-FOGG COMPANY,**

**Defendants.**                                                    No. 10-519-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Before the Court is Defendants MacLean Power Systems, L.P. ("MacLean Power") and MacLean-Fogg Company's ("MacLean-Fogg") Motion to Transfer to the Northern District of Illinois (Docs. 24 & 25) made pursuant to **28 U.S.C. § 1404(a)**. Defendants seek transfer to the United States District Court for the Northern District of Illinois. Plaintiffs Christina Porritt and Lauren Bradley have filed a Response (Doc. 29). Defendants have filed a Reply (Doc. 30). For the reasons discussed, the Court finds that Defendants' motion should be **GRANTED** and the case **TRANSFERRED** to the Northern District of Illinois.

Plaintiffs filed a two-count Complaint (Doc. 2) against Defendants for violations of the false market patent statute, **35 U.S.C. § 292(a)**. Specifically,

Plaintiffs allege that Defendants violated the statute by falsely advertising its square shank barbed staple on its website with an expired patent (Doc. 2 at ¶¶ 28-29, 39-40). Plaintiffs assert in their Complaint that venue is proper in this district because Defendants "have conducted and continue to conduct business in this District through the sale of its products which are the subject matter of this Complaint to consumers throughout this District" (*Id*. at ¶ 10). Plaintiff Porritt is a resident of the Southern District of Illinois while Plaintiff Bradley is a resident of Columbia, Missouri, in the Western District of Missouri (*Id*. at ¶¶ 4-5). Defendants MacLean Power and MacLean-Fogg are incorporated in the state of Delaware and have their principle place of business in Franklin Park and Mundelein, Illinois respectively, both of which are located in the Northern District of Illinois (*Id*. at ¶¶ 6-7).

## II.  Discussion

Defendants argue in their Motion to Transfer that this matter should be transferred to the Northern District of Illinois because the "center of gravity" of the case is located there. Plaintiffs filed a response in opposition, arguing that many witnesses reside closer to this district and that Defendants have failed to meet their heavy burden. Defendants have filed a reply arguing that Plaintiffs misrepresent the facts and law in their response.

### A.  Legal Standard

Under **28 U.S.C. § 1404(a)**, a transfer of venue is permissible when doing so would be convenient for the parties and witnesses and in the interest of

justice. The transferee venue must also be a district where the case "might have been brought" originally. **28 U.S.C. § 1404(a)**. The purpose of § 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." ***Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)**. A § 1404(a) transfer will be granted if the moving party establishes that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice. ***See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 & n.3 (7th Cir. 1986)**. The statute does not, however, "indicate the relative weight to be accorded each [§ 1404(a)] factor." ***Id.* at 220 n.3 ("[T]hese factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case.")**. However, the Court must analyze the "interest of justice" component separately from the convenience of parties and witnesses component under § 1404(a). ***Id.* at 220-21 (citing *Van Dusen*, 376 U.S. at 622)**. The burden of establishing the greater "convenience" of the transferee forum lies with the movant. ***Id.* at 220 (citations omitted)**. Ultimately, allowing a transfer of venue "is committed to the sound discretion of the trial judge." ***Id.* at 219 (collecting cases)**.

B.  Analysis

1.  **Proper Venue**

While Plaintiffs argue that venue is not disputed in this case, Defendants have pointed out in their reply that proper venue is disputed and that the issue takes up a large section of their Motion to Dismiss (Doc. 22 & 23). Plaintiffs' Complaint asserts that venue is proper in this district under **28 U.S.C. § 1391** and **29 U.S.C. § 1395(a)**. **28 U.S.C. § 1391(b)** provides that a civil action founded on grounds other than strictly diversity may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found" if there is no other district in which the claim may be brought. **28 U.S.C. § 1391(c)** provides that a defendant corporation "reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." In Illinois, which has multiple districts, a defendant corporation is "deemed to reside in any district in [the] State within which its contacts would be sufficient to subject it to personal jurisdiction if that district where a separate State." Further, under **29 U.S.C. § 1395(a)**, venue is proper in a proceeding to recover a pecuniary fine, penalty, or forfeiture "where it accrues or the defendant is found." A defendant is "found" for purposes of the statute where it has personal jurisdiction. ***Accord Waeltz v. Delta***

***Pilots Retirement Plan*, 301 F.3d 804, 809 (7th Cir. 2002)**.

Here, Defendants have filed a motion to dismiss based in part on improper venue due to lack of personal jurisdiction. Defendants argue that they lack any contacts with this District in order to meet the requirements for specific or general jurisdiction. Specific jurisdiction refers to jurisdiction in a suit "arising out of or related to defendant's contacts with the forum." ***GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009) (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 414 n.8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984)**. General jurisdiction is found when a defendant has continuos and systematic general business within the forum. ***Id.* (citing *RAR, Inc.*, 107 F.3d at 1277)**.

As to MacLean-Fogg Company, Defendants argue that it does not sell to this district nor does it operate the website at issue in this case. MacLean-Fogg also does not advertise in this district nor does it conduct continuous business with the this district. Further, MacLean Power Systems, L.P. has no contacts with this district. MacLean Power neither sales nor advertises products in this district. While MacLean Power does operate a website which lists the square shank barbed staples at issue, the website is a passive site which only conveys information about the company and its products but does not allow a user to interact with the site by placing orders. ***Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir.**

**2004)**. As neither Defendant has any contacts with this district, Defendants have raised serious issues in their motion to dismiss in regarding venue and personal jurisdiction. None of the issues would be relevant in the Northern District of Illinois as both Defendants reside there.

### 2. Convenience of the Parties and Witnesses

Further, the Court finds that the convenience of the parties would weigh in favor of transfer under **§ 1404(a)** as well. When evaluating the convenience of a transfer, factors to be considered are: (1) plaintiff's initial choice of forum; (2) the relative ease of access to the sources of proof; (3) convenience of non-party witnesses; (4) situs of the material events; and (5) the convenience of the parties, specifically their respective residences and abilities to bear the expense of trial in a particular forum. ***Hanley v. Omerc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998) (citations omitted)**.

The Court notes that Plaintiffs did choose to file in this district. The general rule is that a plaintiff's choice of forum is given deference. ***See Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002) (citation omitted)**. Yet, when the forum is not Plaintiff's home forum and otherwise lacks any significant connection to Plaintiff's suit, it will be "entitled to some, but not substantial deference." ***Hanley v. Omarc, Inc.*, 6 F.Supp.2d 770, 775 (N.D. Ill. 1998)**. While this district is the home forum to one of the Plaintiffs, this forum lacks any significant connection to this district as Defendants have no contacts in this district

as previously noted.

Further, the situs of material events is located in the Northern District of Illinois. While Defendants maintain no facilities, distributors, or business operations in this district, the majority of Defendants operations are conducted in the Northern District of Illinois. Defendants maintain offices in or near Franklin Park, Illinois which is located in the Northern District. All decisions regarding sales and advertising occur at Defendant's offices in Franklin Park (Doc. 24, Ex. 1 at ¶ 4. 5. 7). Sources of proof would also be located in the Northern District as all documentation regarding the square shank barbed staples and the advertising of that item are located at the Franklin Park office or at its headquarters in York, South Carolina (*Id.*).

In contrast, neither Defendant conducts its business in this District nor has any offices in this district and thus no sources of proof are located in this district. While Plaintiffs list numerous distributors outside of the Northern District of Illinois as proof that events occurred outside of the Northern District and in the Southern District, none of the distributors or manufacturer's representatives are located in this district. While Plaintiff lists representatives in Carmel, Indiana and Des Plaines, Illinois and distributors located in Mattoon, Illinois, Decatur, Illinois, and Elmhurst, Illinois, none of those locations are in the Southern District.

While Plaintiffs argue that the Southern District is more convenient for witnesses, they have listed no witnesses which are located in the Southern District. All of the manufacturer and distributor witnesses listed by Plaintiff are located either

in Missouri, Nebraska, Indiana, or locations in Illinois outside of this District. Many of the locations listed by Plaintiff are just as close to the Northern District as they are to the Southern District. Thus, the Northern District is clearly just as convenient, if not more so, than this district considering the locations of witnesses, sources of proof, and situs of events. Finally, the Court believes the Northern District of Illinois has a greater interest than the Southern District of Illinois in deciding a case involving businesses located and operating in that district. The interests of justice also, therefore, favors transfer.

### III. Conclusion

Accordingly, the Court **GRANTS** Defendants' Motion to Transfer to the Northern District of Illinois. The Court, therefore, **TRANSFERS** this matter to the United States District Court for the Northern District of Illinois in Chicago, Illinois.

**IT IS SO ORDERED**.

Signed this 22nd day of September, 2010.

/s/     *DavidRHerndon*
**Chief Judge**
**United States District Court**