# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA PORRITT and , <br> LAUREN BRADLEY, <br><br> Plaintiffs, <br><br> v. <br><br> MACLEAN POWER SYSTEMS, LP and, <br> MACLEAN-FOGG COMPANY, <br><br> Defendants. | No. 10 C 6182 <br><br> Hon. Joan H. Lefkow |

## OPINION AND ORDER

Christina Porritt and Lauren Bradley filed this *qui tam* action against MacLean Power Systems, LP and MacLean-Fogg Company (collectively, "MacLean"), alleging violations of the false marking statute, 35 U.S.C. § 292. MacLean has filed a motion to dismiss the complaint for failure to state a claim, lack of subject matter jurisdiction, failure to join a required party, and because section 292 is unconstitutional. Because plaintiffs' complaint fails to meet the pleading requirements of Federal Rules of Civil Procedure 12(b)(6) and 9(b), the motion to dismiss [#22] is granted.

## BACKGROUND[1]

MacLean manufactures, sells, and advertises various products, including the "Square Shank Barbed Staple." MacLean advertises the staple on its website, which states that the staple

---

[1] The following facts are taken from the complaint and are accepted as true for the purpose of resolving the pending motion.

1

is patented under U.S. Patent Nos. 3,945,293 (the '293 patent) and 3,969,975 (the '975 patent). *See* Compl. Ex. 3. These two patents are expired.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In reviewing a Rule 12(b)(6) motion, the court takes as true all facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Dixon* v. *Page*, 291 F.3d 485, 486–87 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with notice of the claims and establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 742–43 (7th Cir. 2010). Rather, it is the facts that count.

## ANALYSIS

Plaintiffs have filed this *qui tam* action under the false marking statute, which prohibits the use of expired patents in advertising a product. 35 U.S.C. § 292 provides in relevant part:

> (a) . . . Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense.
>
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292(a), (b). In order to establish that a defendant intended to "deceiv[e] the public," as required by section 292(a), a plaintiff must show by a preponderance of the evidence that the

defendant "did not have a reasonable belief that the articles were properly marked (*i.e.*, covered by a patent)." *Clontech Labs., Inc.* v. *Invitrogen Corp.*, 406 F.3d 1347, 1352–53 (Fed. Cir. 2005). "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public." *Pequignot* v. *Solo Cup*, 608 F.3d 1356, 1362–63 (Fed. Cir. 2010).

After briefing on MacLean's motion was complete, the Federal Circuit announced for the first time that false marking claims under section 292 are subject to Rule 9(b)'s heightened pleading standard. *In re BP Lubricants USA, Inc.*, 637 F.3d 1307, 1310–11 (Fed. Cir. 2011). Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Although knowledge and intent may be alleged generally, the complaint must allege "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp.* v. *Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). Therefore, in a false marking action, the complaint must allege specific facts showing that the defendant knew that the patent at issue was expired.

In *BP Lubricants*, the plaintiff filed a section 292 action alleging that BP Lubricants USA, Inc. had marked the bottles for its CASTROL motor oil products with the numbers of expired patents. The complaint alleged "upon information and belief" that "(1) BP knew or should have known that the patent expired; (2) BP is a sophisticated company that has experience applying for, obtaining, and litigating patents; and (3) BP marked the CASTROL products with the patent numbers for the purpose of deceiving the public." 637 F.3d at 1309. The Federal Circuit held that these allegations did not meet the requirements of Rule 9(b), explaining that the plaintiff's "bare assertion [that BP is a sophisticated company] provides no

3

more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent [had] expired. Conclusory allegations such as this are not entitled to an assumption of truth at any stage in litigation." *Id.* at 1312 (citing *Ashcroft*, 129 S. Ct. at 1952).

The allegations in plaintiffs' complaint are nearly identical to the statements that *BP Lubricants* rejected. Plaintiffs allege that "[d]efendants are sophisticated business entities with extensive experience in the procurement, acquisition, and licensing of patents in the United States," that defendants have an in-house legal department that is responsible for ensuring compliance with marking, labeling, and advertising laws, and that "as sophisticated business entities, [d]efendants knew or reasonably should have known of the requirements and provisions of 35 U.S.C. § 292." Compl. ¶¶ 21, 24–25. These allegations, like those in *BP*, provide no reasonable basis for inferring that MacLean was aware that the '293 or '975 patents had expired. MacLean's motion to dismiss for failure to state a claim will be granted.

Because plaintiffs will be given leave to amend their complaint, the court will briefly address the other grounds for dismissal in MacLean's motion. MacLean argues that the complaint must be dismissed for lack of subject matter jurisdiction because section 292 is a criminal provision. Section 292 is best characterized as a criminal statute with a parallel civil enforcement mechanism. *See Pequignot*, 608 F.3d at 1363 ("A *qui tam* action is civil in form, even though it arises under a criminal statute." (citing 16 James W. Moore et al., *Moore's Federal Practice - Civil* § 107(B)(2)); *Luka* v. *Procter & Gamble Co.*, --- F. Supp. 2d ----, No. 10 C 2511, 2011 WL 1118689, at *7 (N.D. Ill. Mar. 28, 2011); *see also Zojo Solutions, Inc.* v. *Stanley Works*, 712 F. Supp. 2d 756, 759 (N.D. Ill. 2010) (noting that if the Federal Circuit had

4

perceived that section 292 posed a subject matter jurisdiction problem, it would have been obligated to raise and address the issue *sua sponte*). The amended complaint will not be dismissed on these grounds.

MacLean also argues that the United States must be joined in any section 292 action as a required party under Rule 19. MacLean has cited no false marking case that was dismissed for failure to join the United States as a party, and the court is not aware of any. If the United States determines that plaintiffs are not adequately representing its interests, it may request intervention under Rule 24. Plaintiffs' amended complaint will not be dismissed for failure to name the United States as a defendant.

Finally, MacLean argues that section 292 is unconstitutional because it violates the take care clause of article two, section three of the Constitution (requiring the President to "take Care that the Laws be faithfully executed . . . ."). It is unnecessary to address this issue at this time. *See Koger* v. *Bryan*, 523 F.3d 789, 801 (7th Cir. 2009) ("[F]ederal courts are supposed to do what they can to avoid making constitutional decisions, and strive doubly to avoid making unnecessary constitutional decisions." (quoting *ISI Int'l, Inc.* v. *Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001))). Indeed, it is possible that the constitutional issue will soon be rendered moot by legislative action or addressed by the Federal Circuit. *See* S.23, 112th Congress, § 2(k) (2011); H.R. 243, 112th Congress, § 2 (2011);[2] *FLMC, LLC* v. *Wham-O, Inc.*, No. 2011-1067 (Fed. Cir.).[3]

---

[2] The amendment would apply to all claims pending under the statute.

[3] MacLean also argues that the complaint should be dismissed as to MacLean Power Systems, LP because that entity has been dissolved and reorganized as MacLean Power, LLC. Should plaintiffs file an amended complaint, it should name MacLean Power, LLC as the proper party.

5

**CONCLUSION AND ORDER**

For the foregoing reasons, MacLean's motion to dismiss [#22] is granted. Plaintiffs' complaint is dismissed without prejudice. Plaintiffs may file an amended complaint consistent with this opinion by September 20, 2011. If an amended complaint is not filed by that date, the dismissal will become a dismissal with prejudice without further order of court.

Dated: Sept. 6, 2011    Enter: _____
　　　　　　　　　　　　　　　　　JOAN HUMPHREY LEFKOW
　　　　　　　　　　　　　　　　　United States District Judge